[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-16779
Non-Argument Calendar

_____

D.C. Docket Nos. 9:15-cr-80089-DTKH-1,
9:16-cr-80020-DTKH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TARMARLEY JAHWADA ORR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 25, 2017)

Before ED CARNES, Chief Judge, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

On May 9, 2015, Tarmarley Orr walked into a Chase Bank in Florida, placed a bag on the teller's counter, and told one employee to fill the bag with money.  He pointed a gun at another employee, telling that employee "I know you're not a bad guy . . . I'm sorry, I'm just down on my luck.  I don't want to hurt anybody."  The teller filled the bag with more than $2,000 and gave it to Orr, who then fled.  On May 23, 2015, Orr entered a TD Bank in Florida, brandished a firearm, and robbed the bank, taking over $3,000.  Seven days later he entered a different TD Bank branch in Florida and gave the teller a note saying that he had a bomb that would go off in 45 seconds if the teller did not give him $10,000.  The teller gave Orr over $1,000, and he was arrested soon after he left.

Orr pleaded guilty to bank robbery in violation of 18 U.S.C. § 2113(a), bank robbery involving an assault with a firearm in violation of 18 U.S.C. § 2113(a), (d), bank robbery involving an assault with a dangerous weapon in violation of 18 U.S.C. § 2113(a), (d), and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c).  The district court sentenced him to concurrent 87 month sentences for the three bank robbery counts to run consecutively with an 84 month sentence, the statutory minimum, for the brandishing count.  This is Orr's appeal of his 87 month sentence on the bank robbery counts.

2

Orr contends that the district court imposed a substantively unreasonable sentence for the three bank robbery crimes because it gave too much weight to certain factors and too little weight to others.  We review for an abuse of discretion the substantive reasonableness of a sentence.  United States v. Irey, 612 F.3d 1160, 1188–89 (11th Cir. 2010) (en banc).  "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors."  Id. at 1189 (quotation marks omitted).  "As for the third way that discretion can be abused, a district court commits a clear error of judgment when it considers the proper factors but balances them unreasonably."  Id.

Orr asserts that the district court failed to give sufficient weight to his "substantial mitigating factors" and "placed unjustified reliance" on the facts of his crimes and the need for deterrence.  For those mitigating factors, Orr points to his personal history, noting that:  (1) before the robberies, he had not been convicted of  any crimes involving violence or the use of weapons; (2) he was abused as a child, which led to depression and anger issues; (3) he attempted to set up his own business on two different occasions, but the businesses failed both times because his investment money was stolen; (4) his best friend, his daughter, his younger brother, and his grandmother have died; and (5) he began using PCP, which made

3

him paranoid, increased his feelings of loneliness, and impaired his judgment.  Orr also notes that he apologized during one of the robberies, made no effort to disguise himself during the crimes, and cooperated with law enforcement and confessed to the offenses.

At the sentence hearing the district court acknowledged that Orr apologized during one robbery but it pointed out that the robberies could have "sp[u]n out of control at any moment" and become violent despite Orr's intention not to hurt anyone, and that the crimes likely traumatized the bank employees.  The court also found that while Orr's characteristics and history helped it "understand how he made the decisions that he made in this case," the 87 month sentence was proper because robbery "is a really serious crime," and a sentence below the advisory guidelines range would not afford adequate deterrence.  See 18 U.S.C. § 3553(a) (providing factors, including "the seriousness of the offense" and to need "to afford adequate deterrence," that district courts must consider when imposing a sentence). "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court," United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007), and the district court did not abuse its discretion in weighing the factors in this case.

Given the facts of his crimes, the district court's decision to sentence Orr to the bottom end of the advisory guidelines range, 87 months imprisonment, was not

4

a substantively unreasonable one.  See also United States v. Docampo, 573 F.3d 1091, 1101 (11th Cir. 2009) ("[W]hen the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one.") (quotation marks omitted).

**AFFIRMED.**

5